IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK EUGENE ENGLE, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:17-CV-2213-B |
| ) | |
| HUNT COUNTY TEXAS ) | |
| COMMISSIONER, ET AL., ) | |
| Defendants. ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Hunt County Commissioner, the Greenville City Mayor, the Greenville City Chief of Police, Greenville City police officers Felicia White, Steve Walden, Jason Smith, Warren Mitchell, and Nathan Baker, defense attorney Katherine Ferguson, defense investigator James Smith, and Hunt County Assistant District Attorney Stephen Lilley. The Court has not issued process pending judicial screening.

Plaintiff states that on December 7, 2012, Officers Felicia White and Warren Mitchell drafted a search warrant affidavit against him for the offense of sexual assault, and that the search warrant was facially invalid. He claims Felicia White had no factual proof for the statements she

made in the affidavit, and that on April 8, 2013, the court found no probable cause to support the sexual assault charge.

He also states that on December 7, 2012, Officers Steve Walden, Jason Smith, Nathan Baker, and an unknown officer arrested him for failure to signal a turn while driving. Plaintiff's car was searched and officers found illegal drugs. Plaintiff later pleaded guilty to delivering or manufacturing more than four grams but less than 200 grams of methamphetamine and was sentenced to life in prison.

Plaintiff claims the search and search warrant were invalid and that any drugs found as a result of the search were inadmissible at trial. He claims defense attorney Katherine Ferguson and defense investigator James Smith "allowed the courts and police to trample the rights of the plaintiff." (ECF No. 3 at 10.) He alleges that the Hunt County Commissioner, the Greenville City Mayor, and the Greenville City Chief of Police are liable for the unlawful search and criminal charges because they are responsible for the actions of their subordinates. He seeks a declaratory judgment and money damages.

## II.   Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.    Discussion

### 1.    Statute of Limitations

Plaintiff's claims involving the sexual assault charge are barred by the statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff filed this complaint more than two years after he knew of the factual predicate for his claims. Plaintiff states the search warrant and his arrest occurred on December 7, 2012.

He states the charge was dismissed on April 8, 2013. He did not file his complaint until August 11, 2017. He has also alleged no basis for equitable tolling of the limitations period. The claims are therefore barred by the statute of limitations and should be dismissed.

2.   ***Heck v. Humphrey***

Plaintiff claims he was wrongfully convicted of manufacturing or delivering methamphetamine because the search warrant, search and arrest were invalid. His claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not showed that his conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

3.   **Stephen Lilley**

Plaintiff sues Count Assistant District Attorney Stephen Lilley for his actions in prosecuting Plaintiff's cases. Judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). These claims should therefore be dismissed.

4.     **Color of Law**

Plaintiff sues his defense attorney Katherine Ferguson and his defense investigator James Smith for their alleged deficient performance in representing him during his criminal cases. Defense attorneys and their staff, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's claims against these Defendants should be summarily dismissed.

5.     **Supervisor Liability**

Plaintiff sues the Hunt County Commissioner, the Greenville City Mayor, and the Greenville City Chief of Police arguing they are responsible for the actions of their subordinates. To be liable under § 1983, however, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Here, Plaintiff does not allege that these Defendants were personally involved in the deprivation of his rights. Plaintiff has also failed to allege or show that Defendants implemented an unconstitutional policy that resulted in a violation of his civil rights. These Defendants should

be dismissed.

## IV.   Recommendation

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 8 day of December, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).